U. S. WOLFE, *Appellee,* v. THE BOARD OF COUNTY COM-
MISSIONERS OF THE COUNTY OF LYON, *Appellant.*

No. 16,539.

SYLLABUS BY THE COURT.

1. CLERK OF THE DISTRICT COURT—*Fees and Salary.* Under the
   provision of section 3030 of the General Statutes of 1901
   (Laws 1899, ch. 141, § 1), a clerk of the district court in a
   county having a population of more than 20,000 and not more
   than 30,000 is entitled to receive all the fees of his office
   charged and collected for services rendered by him, if such
   fees do not exceed the amount of $1400 per annum; if they
   do exceed that amount, then he is entitled to receive one-half
   of the additional fees charged for services rendered by him.

2. ———— *Fees Collected by Successor.* In such a county the
   clerk retired from office at the expiration of his term. He
   had received the sum of $1400 per annum during the time he
   was in office. He left a large amount of fees charged upon
   the books of his office for services rendered by him. These
   fees were collected by his successor from time to time, and
   paid to the county treasurer. *Held,* that one-half of such fees
   belong to the retiring clerk and one-half thereof to the county.

Appeal from Lyon district court; FREDERICK A.
MECKEL, judge. Opinion filed May 7, 1910. Reversed.

*W. C. Harris,* and *O. S. Samuel,* for the appellant.

*L. B. Kellogg, W. L. Huggins,* and *C. M. Kellogg,* for
the appellee.

The opinion of the court was delivered by

GRAVES, J.: This is an action against the board of
county commissioners of Lyon county, commenced by a
former clerk of the district court to collect fees claimed
to be due him for services rendered while in office, but
collected by his successor. The action was tried in the
district court of that county, where judgment was ren-
dered in favor of the plaintiff, and the county has ap-
pealed to this court.

The plaintiff claims that all back fees collected by his

successor belong to him, while the county claims that
he is entitled to only one-half thereof.  The question in-
volves an interpretation of the statute relating to fees
and salaries, being section 3030 of the General Statutes
of 1901 (Laws 1899, ch. 141, § 1), which reads:

"The clerk of the district court in the respective coun-
ties of this state shall charge, as full compensation for
their services as required by law to be performed by
clerks of the district court, the fees as hereinafter pro-
vided:

For filing each paper, five cents........................ $0.05
Docketing each action on appearance docket, or execution
   docket, each, fifteen cents........................... .15

[Here follows a list of the specific fees the clerk is
allowed to charge and collect.]

"Provided, further, that the clerk of the district
court in counties having the following population may
retain all fees collected as hereinafter specified:   . . .
In counties having a population of more than 25,000
and not more than 30,000, per annum, $1400;  . . .
and if in any year the fees collected shall be more than
the sums above specified  . . .  the said district
clerks shall pay to the county treasurer  . . .  one-
half of such excess, when collected, taking duplicate
receipts therefor, one of which they shall file with the
county clerk; and such money shall become part of the
general fund of the county."

It is conceded that the population of Lyon county is
such that this statute applies to it.  The money in con-
troversy represents the fees earned by the plaintiff
while he was in office and by him charged upon the
books of his office.  His successor in office collected it
and deposited it with the county treasurer; a small
sum was paid to the county clerk.

It seems clear that the fees and salary law intended
that the clerk should receive all the fees of his office if
they did not exceed the sum of $1400 per annum; and,
if they did exceed that sum, that he should receive, in
addition to the sum of $1400 per annum, one-half of all
other fees earned by him.  The plaintiff received the
sum of $1400 per annum while he was in office, and the

fees in controversy are in excess of that amount. He is therefore entitled to only one-half of such fees. The remainder belongs to the county.

We are unable to concur in the conclusion reached by the district court. Its judgment is reversed, with direction to divide the fund in controversy between the plaintiff and the county, equally, taxing the costs to the plaintiff.